**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 05-CV-78-HRW

SHANE STERLING                                                                                    PETITIONER

V.                                          **MEMORANDUM OPINION AND ORDER**

TERRY O'BRIEN, Warden                                                                  RESPONDENT

* * * * *

Shane Sterling, an individual currently incarcerated in the Federal Correctional Institution in Ashland, Kentucky, has paid the district court filing fee and submitted a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241.

This matter is now before the Court for screening.   28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970);  *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

CLAIMS

The petitioner claims that  (1) his firearm conviction was obtained in violation of *Bailey v. United States*, 516 U.S. 137 (1995), and his rights to a fair trial and due process; (2) he has newly discovered evidence that would prove to a jury that he did not use or even reach for the firearm at issue; and (3) this Court should grant him relief because his remedy by a 28 U.S.C. §2255 motion to the trial court is inadequate and ineffective to test the legality of his detention.

ALLEGATIONS OF THE PETITION

The petitioner has submitted a petition form, an attached 45-page memorandum, and several

documentary exhibits [Record No. 1], together with another memorandum, 37 pages in length [Record No. 2], and a motion to proceed *in forma pauperis* [Record No. 3]. The motion will be denied as moot, the petitioner having paid the habeas filing fee; the following is a summary or construction of the allegations contained in the petition and supporting memoranda. Record Nos. 1-2.

Petitioner Sterling's allegations begin New Orleans, Louisiana, in the early morning of August 9, 1992, when federal agents, investigating a drug conspiracy and gang war, burst into the apartment in which Sterling and a roommate named Michael Duckett were sleeping. An agent later testified that he saw the awakened petitioner sitting up in the bed and reaching to his left for a .40 caliber semi-automatic pistol. Several weapons and drugs and plans were recovered and eight defendants indicted. After a jury trial, at which he did not testify, Petitioner Sterling stood convicted of narcotics offenses, in violation of 18 U.S.C. §841(a)(1), and one count of using or carrying a firearm during and in relation to a drug trafficking crime, in violation of §924(c)(1).

On the defendants' appeal, Sterling's convictions were affirmed. *United States v. Tolliver*, 61 F.3d 1189 (5th Cir. 1995). Upon the defendants' appeal to the Supreme Court of the United States, however, the firearms judgments were vacated and the cause remanded to the Fifth Circuit for further consideration in light of the intervening case of *Bailey v. United States*, 516 U.S. 137 (1995). *Sterling v. United States*, 522 U.S. 1105 (1996).

On remand, the appellate court examined §924(c)(1); the *Bailey* decision; the trial record; and counsel's trial and appellate argument on Sterling's behalf. In *United States v. Tolliver*, 116 F.3d 120 (5th Cir.), *cert. denied*, 522 U.S. 926 (1997), the Fifth Circuit noted that Sterling "concedes" that his act of reaching for the pistol constituted "use" of the gun, as defined post-*Bailey*;

and that Sterling's claim was actually that the use was not "in relation to" a drug trafficking crime. Rather,  his grab for the pistol was purportedly an act done for his self-protection.  In the second *Tolliver* opinion, the appellate court held that Sterling

> had presented his "sleepy act of self-defense" defense to the jury.  The jury rejected it, and this finding is not clear error. . . .  Accepting the jury's factual findings, we conclude that Sterling's use of the gun was "in relation to" the underlying drug conspiracy; such use could have facilitated that conspiracy by preventing the arrest of two conspirators and forestalling the seizure of various instrumentalities of the conspiracy.  We therefore affirm Sterling's §924(c)(1) conviction.

116 F.3d at 126 (citing *Smith v. United States*, 508 U.S. 223, 237-38 (1993) for the definition of "in relation to").

The petitioner challenged the firearm conviction again in a 28 U.S.C. §2255 motion to the trial court.  He alleges that he had four claims therein, one being that there was insufficient evidence to support a finding that the petitioner used the firearm during or in relation to a drug trafficking crime. "The district court summarily denied the petitioner's §924(c)(1) claim, holding that the claim was raised and rejected on direct review."  Petitioner Sterling sought a certificate of appealability from the district court and the appellate court but was denied by both courts.

The petitioner's next move was to file the instant action.  The petitioner's position herein is that he did not concede that he used the gun; he did not claim to have reached for the gun in self-defense; nor did he, in fact, reach in the direction of the gun at all.  He claims such representations were merely his lawyer's argument, to which he did not agree.  The lawyer's words were used as the sole basis for affirming the firearm conviction, and they are absolutely false.  Sterling further alleges that he used due diligence to find roommate Duckett to have him testify at trial that the petitioner did not reach for anything.  However, neither the petitioner nor his sister nor anyone else could locate him until the fall of 2004, when his sister ran into Duckett, accidentally and

3

fortuitously.  The petitioner attaches affidavits from his sister (Attachment [hereinafter "Att."] A);

his counsel Packard E. Phillips (Att. B); Duckett (Att. C); and he includes his own affidavit (Att. H),

all in support of his version of events and contrary to the arresting officer's testimony (Att. E).

DISCUSSION

The general rule is that 28 U.S.C. §2255 relates to conviction and imposition of sentence and

such issues must be brought before the trial court.  A petition for writ of habeas corpus pursuant to

28 U.S.C. §2241 is to be brought in the district where a petitioner is incarcerated and may only

challenge execution of sentence, such as the computation of parole or sentence credits.  *See*

*DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d

766, 770-71 (6th Cir. 1979).  Because the instant petitioner's claim herein relates to the conviction

and sentence occurring in the federal district court in the Eastern District of Louisiana and does not

relate to how the sentence is being executed, the claim is not ordinarily cognizable in this Court

under 28 U.S.C. §2241.

The petitioner is correct, however, to the extent that he claims that under highly exceptional

circumstances a federal prisoner may challenge his sentence before the district court in the district

of his incarceration, rather than going to the trial court with a §2255 motion.  This is based on certain

language in the fifth paragraph of 28 U.S.C. §2255, which provides that a district court may exercise

jurisdiction over §2255 claims under 28 U.S.C. §2241.  Commonly called the "savings clause" of

§2255, such use of §2241 is conditioned upon the petitioner's establishing that "the remedy by [§2255]

motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. §2255; *Cohen v.*

*United States*, 593 F.2d at 770-71.

Use of the savings clause has undergone an upsurge in popularity with prisoners in recent

4

years, beginning with the *Bailey* decision.  In *Bailey*, the Supreme Court of the United States interpreted the "use" prong of 18 U.S.C. §924(c)(1) narrowly, to require "active employment" of a firearm in order to sustain a conviction for use of a firearm in relation to a drug offense.  Numerous prisoners who had been convicted under a broader understanding of the "use" component for conduct which, after *Bailey*, was not considered criminal conduct, suddenly had claims of actual innocence.

Claimants seeking relief based upon *Bailey*, however, were often effectively barred from bringing their claims because they had already filed a §2255 motion, and successive motions had become difficult to obtain as a result of Congress's enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), effective April 24, 1996.  The new legislation imposed several statutory restrictions on prisoners' ability to file for relief under 28 U.S.C. §§2254 and 2255, including a one-year statute of limitations and the stringent requirement that a prisoner who has already filed an unsuccessful §2255 motion and who wishes to raise issues in a second or successive motion must receive pre-authorization from the appropriate circuit court.  Therefore, since 1996 and up to today, prisoners like the instant petitioner have tried to meet the conditions of the savings clause of §2255, so that they may use §2241 to bring a successive or untimely §2255 claim.  *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.), *cert. denied*, 534 U.S. 1008 (2001).

In *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999), and as amended later in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), the Sixth Circuit set out the threshold which must be met by §2241 petitioners who wish the court in the district of their confinement to entertain a challenge to a conviction or sentence which would ordinarily be brought to the trial court pursuant to §2255.  The appellate court has required first that a petitioner demonstrate that his remedy under §2255 is truly "inadequate" or "ineffective," and neither an earlier unsuccessful §2255 motion nor a time bar will meet this standard.  180 F.3d at 757.

5

The second component which must be demonstrated is that the §2241 petitioner has a claim of "actual innocence." *Martin,* 319 F.3d at 804-05. Actual innocence is discussed at length in *Bousley v. United States*, 523 U.S. 614 (1998), the Supreme Court of the United States therein writing, "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623. The Court went on, "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. . . ." *Id.* at 623-24.

Consistent therewith, this Court evaluates whether the instant petitioner has established both of the two requisite pre-conditions so that the Court may use its §2241 jurisdiction to reach his challenge to his conviction on the merits, *i.e.*, whether: (1) he has been barred from filing a §2255 motion to raise an innocence claim; *and* (2) he is making a claim of actual innocence based on an intervening Supreme Court decision which narrowly defines a term of the statute under which he was convicted. Then and only then will this Court be able to address the merits of his claim under 28 U.S.C. §2241. It must be remembered that the burden is on the §2241 petitioner to demonstrate inadequacy or ineffectiveness as a threshold matter. *Charles*, 180 F.3d at 756.

The Court has studied the instant petitioner's use of the "inadequate and ineffective" language herein, the chronology of his previous litigation, and his legal claims; and the Court finds that Petitioner Sterling has failed to establish the first of these two prerequisites. Unlike Petitioner Martin, the instant petitioner has not alleged that he applied for but was denied authorization from the Fifth Circuit to raise the issue herein in a second §2255 claim before the trial court. Also, because he has not met the first component, it is not necessary for the Court to reach the claim of actual innocence.

Therefore, the instant petitioner having failed to pass the threshold inquiry in order for this

6

Court to use its §2241 jurisdiction to reach the merits of his claim, his petition must be denied and his cause dismissed.

CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)     The petitioner's motion to proceed *in forma pauperis* [Record No. 3] is **DENIED**, as moot;

(2)     Petitioner Sterling's petition for writ of habeas corpus is **DENIED**, *sua sponte*;

(3)     this action will be **DISMISSED** from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This July 14, 2005.

Signed By:

*Henry R Wilhoit Jr.*

**United States District Judge**